IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVO NORDISK INC. and<br>NOVO NORDISK A/S,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MYLAN PHARMACEUTICALS INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　C.A. No. 24-1013 (CFC)<br>)　**ANDA CASE**<br>)<br>)<br>)<br>)<br>) |

## NOVO NORDISK'S ANSWER TO COUNTERCLAIM

Plaintiffs Novo Nordisk Inc. ("NNI") and Novo Nordisk A/S ("NNAS," collectively with NNI, "Novo Nordisk" or "Plaintiffs"), by their undersigned attorneys, answer and respond to the Counterclaim of Defendant Mylan Pharmaceuticals Inc. ("Mylan") (D.I. 10):

## THE PARTIES

1.　Plaintiffs admit, upon information and belief, based on facts alleged in Mylan's Counterclaim, that Mylan purports to have a principal place of business at 3711 Collins Ferry Road, Morgantown, WV 26505.

2.　Plaintiffs admit that, by letters to Novo Nordisk Inc. and Novo Nordisk A/S dated December 16, 2022 and December 1, 2023, Mylan stated that it was the owner of ANDA No. 27705 ("Mylan's ANDA"), which Mylan submitted to FDA seeking approval for semaglutide injection, 0.25 mg/0.5 mL, 0.5 mg/0.5 mL, 1 mg/0.5 mL, 1.7 mg/0.75 mL, and 2.4 mg/0.75 mL for subcutaneous use ("Mylan's

ANDA Product"). Plaintiffs otherwise lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 2 of Mylan's Counterclaim and therefore deny those allegations.

3. Plaintiffs admit the allegations of Paragraph 3.

4. Plaintiffs admit the allegations of Paragraph 4.

## NATURE OF THE ACTION

5. Paragraph 5 contains conclusions of law to which no answer is required. To the extent an answer is required, Plaintiffs admit that Mylan purports to seek a declaratory judgment that United States Patent No. 12,029,779 ("the '779 Patent") is not infringed. Plaintiffs deny the remaining allegations of Paragraph 5.

## JURISDICTION AND VENUE

6. Paragraph 6 contains conclusions of law to which no answer is required. To the extent an answer is required, Plaintiffs do not contest that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. Paragraph 7 contains conclusions of law to which no answer is required. To the extent an answer is required, Plaintiffs do not contest that this Court has personal jurisdiction in this judicial district for the limited purpose of this action only.

8. Paragraph 8 contains conclusions of law to which no answer is required. To the extent an answer is required, Plaintiffs do not contest venue in this judicial district for the limited purpose of this action only.

9. Plaintiffs admit that an actual and justiciable controversy currently exists between Plaintiffs and Mylan as to the infringement and validity of the '779 Patent.

## BACKGROUND

10. Plaintiffs admit, on information and belief, that Mylan (including as an agent or alter ego of Viatris Inc.), submitted Abbreviated New Drug Application ("ANDA") No. 217705 ("Mylan's ANDA") seeking to obtain FDA approval for semaglutide injection, 0.25 mg/0.5 mL, 0.5 mg/0.5 mL, 1 mg/0.5 mL, 1.7 mg/0.75 mL, and 2.4 mg/0.75 mL for subcutaneous use ("Mylan's ANDA Product"). Plaintiffs otherwise lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 10 of Mylan's Counterclaim and therefore deny those allegations.

11. Plaintiffs admit that NNI holds New Drug Application ("NDA") No. 215256 for WEGOVY® (semaglutide) injection, for subcutaneous use, administered with 0.25 mg/0.5 mL, 0.5 mg/0.5 mL, 1 mg/0.5 mL, 1.7 mg/0.75 mL, and 2.4 mg/0.75 mL Pre-filled Single-dose Pens under Section 505(b) of the Federal Food Drug and Cosmetic Act ("FFDCA").

12. Plaintiffs admit that NNI caused the '779 Patent to be listed in FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the "Orange Book") in connection with NDA No. 215256 and the 2.4 mg/0.75 mL strength of WEGOVY®.

13. NNI caused the '779 Patent to be listed in the Orange Book in connection with NDA No. 215256 and the 2.4 mg/0.75 mL strength of WEGOVY® and otherwise deny the allegations of this paragraph.

14. Plaintiffs admit the allegations of Paragraph 14.

15. Plaintiffs admit the allegations of Paragraph 15.

16. Plaintiffs admit the allegations of Paragraph 16.

17. Plaintiffs admit the allegations of Paragraph 17.

18. Plaintiffs admit the allegations of Paragraph 18.

19. Plaintiffs admit they filed suit alleging infringement of the '779 Patent on September 5, 2024. The remaining allegations in Paragraph 19 contain conclusions of law to which no answer is required. To the extent an answer is required, Plaintiffs admit that, as of the submission of Mylan's ANDA, an actual and justiciable controversy exists between Plaintiffs and Mylan as to the infringement of the '779 Patent, including as to whether Mylan's ANDA Product would infringe, induce infringement, or contribute to the infringement of at least one valid and

enforceable claim of the '779 Patent. Plaintiffs deny the remaining allegations of Paragraph 19.

### COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 12,029,779

20. Plaintiffs incorporate by reference the averments contained in Paragraphs 1–19 of this Answer to Mylan's Counterclaim.

21. Plaintiffs deny the allegations of Paragraph 21.

22. Plaintiffs deny the allegations of Paragraph 22.

23. Plaintiffs deny the allegations of Paragraph 23.

24. The allegations in Paragraph 24 contain conclusions of law to which no answer is required. To the extent an answer is required, Plaintiffs deny the allegations of Paragraph 24.

25. Plaintiffs admit that they assert that Mylan's ANDA Product infringes the claims of the '779 Patent and will continue to assert such infringement. Plaintiffs deny the remaining allegations of Paragraph 25.

26. Plaintiffs deny the allegations of Paragraph 26.

27. Plaintiffs admit that an actual and justiciable controversy exists between Plaintiffs and Mylan as to infringement of the '779 Patent. Plaintiffs deny the remaining allegations of Paragraph 27.

28. Plaintiffs deny the allegations of Paragraph 28.

## **PLAINTIFFS' RESPONSE TO REQUEST FOR RELIEF**

Plaintiffs deny that Mylan is entitled to any of its requested relief or to any different relief.

## **PLAINTIFFS' DEFENSES TO COUNTERCLAIM**

Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in their Complaint in this action.

### **First Defense**

Mylan's Counterclaim fails to state a claim upon which relief may be granted.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully seek an Order:

A. Dismissing Mylan's Counterclaim with prejudice;

B. Denying Mylan the relief it requests in its Counterclaim;

C. Entering judgment in favor of Plaintiffs against Mylan;

D. Declaring this case to be exceptional and awarding Plaintiffs their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

E. Awarding Plaintiffs' costs and expenses in this action; and

F. Granting such other relief, in law or equity, as the Court deems just and proper.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Nicholas Groombridge<br>Josephine Young<br>Peter Sandel<br>Jenny C. Wu<br>Daniel J. Klein<br>Naz E. Wehrli<br>Joshua Reich<br>Scott Miller<br>Aileen Huang<br>GROOMBRIDGE, WU, BAUGHMAN<br>   & STONE LLP<br>565 Fifth Avenue, Suite 2900<br>New York, NY  10017<br>(332) 269-0030<br><br>Philip S. May<br>GROOMBRIDGE, WU, BAUGHMAN<br>   & STONE LLP<br>801 17th Street NW, Suite 1050<br>Washington, DC  20006<br>(202) 505-5830<br><br>December 3, 2024 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>/s/ Travis J. Murray<br>_____<br>Brian P. Egan (#6227)<br>Travis J. Murray (#6882)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>began@morrisnichols.com<br>tmurray@morrisnichols.com<br><br>*Attorneys for Novo Nordisk Inc. and Novo Nordisk A/S* |

7

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 3, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Stamatios Stamoulis, Esquire<br>Richard C. Weinblatt, Esquire<br>STAMOULIS & WEINBLATT LLC<br>800 North West Street, 3rd Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Brandon M. White, Esquire<br>Shannon M. Bloodworth, Esquire<br>PERKINS COIE LLP<br>700 13th Street, NW, Suite 600<br>Washington, DC  20005<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| David L. Anstaett, Esquire<br>PERKINS COIE LLP<br>33 East Main Street, Suite 201<br>Madison, WI 53703-3095<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Travis J. Murray*

Travis J. Murray (#6882)